**SCOTT C. WILLIAMS (#6687)**
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 220-0700
Email: scwlegal@gmail.com

*Attorney for Defendant Susan Manwaring*

___

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. SUSAN MANWARING, Defendant. | **SENTENCING MEMORANDUM** Case No. 1:22-CR-00307 Honorable Carl J. Nichols |

　　The Defendant, Susan Manwaring, by and through counsel of record, Scott C. Williams, hereby submits the following Sentencing Memorandum in support of her position at sentencing.

　　The Information in this case was filed against Ms. Manwaring on September 13, 2022. On October 4, 2022, Ms. Manwaring entered a plea of guilty to the sole count of the Information, for Unlawful Parading, Demonstrating, or Picketing in a Capitol Building, a Class B Misdemeanor in violation of 40 U.S.C. § 5104(e)(2)(G). Sentencing was scheduled for January 19, 2023. This Court ordered parties to file any Sentencing Memoranda by January 11, 2022. A draft Presentence Investigation Report ("PSI") was filed with the Court on December 15, 2022.

1

The single count of conviction does not trigger application of the sentencing guidelines. Thus, the present memorandum will be focused on general considerations at sentencing, and application of factors pursuant to 18 U.S.C. § 3553(a).

In light of such factors, and the application of them to the particular circumstance of Ms. Manwaring, counsel will ask this Court to impose a sentence that does not include incarceration. Despite the violent nature and circumstances of the January 6th events, Ms. Manwaring's particular actions on that day fall into the lower spectrum of comparable culpability and need for punishment, or as the PSI puts it, Ms. Manwaring was an "average participant whose conduct was not peripheral to the advancement of the offense." As an average participant, Ms. Manwaring still acknowledges that she has done wrong: she participated in a mob that caused fear in the public and in government officials, she trespassed in one of the most important buildings in America, and her actions were part of a larger movement that interrupted democracy. But Ms. Manwaring must be punished proportionately, given her relatively small role in the actions of January 6. This Court has sufficient alternatives to confinement which would impose a sentence sufficient but not greater than necessary to meet the ends of justice without imposing a period of incarceration.[1]

## POSITION ON SENTENCING FACTORS

A sentence must be "sufficient, but not greater than necessary[.]" 18 U.S.C. § 3553(a). To that end, the sentencing court "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Ultimately, a court must "consider all of the § 3553(a) factors," to decide if "they support the sentence requested by a party." *Id.* These are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[1] As the parties have been ordered to file sentencing memoranda simultaneously, Ms. Manwaring is not presently aware of whether the Government will be recommending a sentence that includes any period of incarceration.

2

(2) the need for the sentence imposed; (3) the kinds of sentences available; and (4) the kinds of sentence and sentencing range established by the guidelines.  *See* 18 U.S.C. § 3553(a)(1)-(4) (quotations omitted).

## I.     The Nature and Circumstances of the Offense

The events that unfolded on January 6, 2021, are well known.  What we all saw was gut-wrenching.  Hundreds of individuals have been charged with crimes, including very serious offense conduct against police and other individuals, and against sacrosanct places and principles of our country.  However, it is indisputable that the circumstances of January 6 encompassed a very broad spectrum of conduct, and a wide variety of actors that also represent a very broad spectrum of personal characteristics.

Counsel for Ms. Manwaring submits that the circumstances of her conduct and offense fall at the lowest level of these spectra.  Being part of the siege itself was wrong and illegal, and Ms. Manwaring feels genuine remorse and shame for it.  And, as discussed herein, it represents a mysterious aberration from her rather extraordinary spirit, personality, and life.

Certainly, when she travelled to Washington D.C.—rather on a whim--to see and attend rallies and festivities, she would have never thought that things would escalate as they did, nor that she would possibly find herself trespassing as she did, among those behaving as they did.  She took no weapons, nor even special clothing.  (In fact, she can be easily seen in the video footage because of the red and white knit hat she bought from a street vender, as she was walking towards the Capitol.)  In the fervor of what came after, she walked calmly into the Capitol, she walked calmly around, and when it was "getting too rowdy" inside, had to press her way against those still streaming in to get back outside. She took many pictures, but damaged nothing, and showed no violence.

Ms. Manwaring cooperated with investigators when they contacted her. She gave them access to her electronics, and answered their questions on two separate dates. She promptly resolved her case by plea in lieu of requiring the Government to have to seek Indictment.

The trauma and severity of that fateful day cannot be understated. But Ms. Manwaring's criminal conduct was that of a misdemeanant trespasser.

**II.     The History and Characteristics of the Defendant**

The reality about Ms. Manwaring is simply: she is one of best-hearted, kind and giving people this writer has ever met. To be in her beaming presence and hear her describe people and the world around her is inspiring. (Frankly, we desired very much to travel to Washington D.C. and be in person before this Court because her presence would be such a helpful thing. Unfortunately, the cost associated with such travel, together with the harassment she and her husband suffer from TSA for being on the watch list, made such travel unrealistic.)

Virtually every minute of Ms. Manwaring's daily life is spent engaging in charity. She spends many hours taking care of children that are part of her family, and children that are not. (In an incredibly tragic month of December two families that were her friends suffered sudden and tragic deaths in accidents, leaving a number of motherless children that she is trying to take care of when and how she can.) She teaches them art. She teaches them manners.

Ms. Manwaring has always worked at bettering herself as well. She has enrolled for further college education through a program named BYU Pathway Connect, which serves people in 188 countries, helping them to obtain college degrees. She too will advance her education through her work in the program, and hopes to achieve a degree in Family History Research. She also volunteered at the local jail—though she was discontinued due to the present charges.

Ms. Manwaring of course has no criminal history. There is nothing that would have ever made anyone think she would. There is still nothing that would make anyone think she would re-offend against the laws of society.

The totality of what occurred on January 6 was gut wrenching. What some individuals did was horrifying. That others who, like Ms. Manwaring, were even pulled into the moment and went into the Capitol building at all is truly a mysterious phenomenon.

Ms. Manwaring suffers the shame of her criminal event. She and her family have and will suffer consequences. This Court will deem to see fit what particular systemic consequences are appropriate. But whatever they are, they will be out of respect for the need to impose consequences, not any need to assure deterrence or change Ms. Manwaring's behavior.

### III.    The Need for the Sentence Imposed, and the Kinds of Sentences Available

Present counsel has been writing sentencing memoranda for people charged in federal prosecutions for almost 30 years. Probably never before has there been so little to say about common sentencing factors. By her life's history, and every single evidence-based metric, she shows little to be concerned about. There is no arguable need for specific deterrence. It is difficult to imagine what her treatment at sentencing could do for general deterrence either. She works constantly and tirelessly to help those around her and make the world a better place. She needs no rehabilitation that the justice system has to provide.

This writer can see no real reason to cite studies, or guidelines, or case law. The present sentencing circumstance is so aberrant and unlikely, that this Court's guidance will come from elsewhere.

## CONCLUSION

It is completely aberrant that Ms. Manwaring will be sentenced by this Court for criminal activity. It is a mystery how she let the excitement of the fomented moments on her trip to Washington D.C. so cloud her judgment that she trespassed in her Capitol building—in the midst of so many people acting in ways she would never otherwise be part of or condone. But she did unlawfully go into the building, she did walk around for a period of time while others paraded, or worse. She has genuine remorse and shame—she will be a federal convict. There is little reason to believe that incarceration, or other severe federal sentencing impositions would serve a need or purpose in the present case.

RESPECTFULLY SUBMITTED this 10th day of January, 2023.

/s/ Scott C. Williams
Scott C. Williams
Attorney for Defendant Susan Manwaring

DELIVERY CERTIFICATE

I certify that a true and correct copy of the foregoing was caused to be delivered to all involved parties, by electronic filing, as well as email courtesy copy, on the 10th day of January, 2023.

/s/ Scott C. Williams